Slip Op. 11-102

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>v.<br><br>ILONA ZATKOVA d/b/a LA MONT and<br>GLASS NAIL FILES<br><br>        Defendant. | Before:    WALLACH, Judge<br>Court No.:  10-00071 |

[Defendant's Motion to Dismiss is DENIED, and Plaintiff's request for an extension of time to properly effect service is GRANTED.]

Dated:     August 11, 2011

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Karen Virginia Goff and Stephen C. Tosini).

Neville Peterson LLP (John M. Peterson, Maria E. Celis, and Russell A. Semmel) for Defendant Ilona Zatkova d/b/a La Mont and Glass Nail Files.

## OPINION

**Wallach, Judge:**

## I
## INTRODUCTION

The United States ("Plaintiff" or "Government") seeks to collect civil penalties plus interest, costs, and attorney fees from Ilona Zatkova ("Defendant") for allegedly attempting to enter or introduce glass nail files from the Czech Republic into United States commerce in violation of 19 U.S.C. §§ 1484, 1485, and 1592. Plaintiff's Complaint ("Plaintiff's Complaint"), Doc. No. 3 at 1-2.  Pursuant to USCIT Rule 12(b)(2), Defendant requests that the court dismiss Plaintiff's complaint for lack of personal jurisdiction because Plaintiff failed to properly serve process under USCIT Rule 4. Defendant's Motion to Dismiss ("Defendant's Motion"), Doc. No. 21 at 1-2.  The court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.  For the reasons stated below, Defendant's Motion is DENIED, and Plaintiff's request for an extension of time to properly effect service is GRANTED.

## II
## BACKGROUND

### A
### USCIT Service Of Process Rules

USCIT Rule 4(d) provides:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . .

USCIT R. 4(d).[1]  In the present case, the relevant rule of the State of California is applicable under USCIT Rule 4(d)(1) because process was attempted in that state. See Affidavit of Service (May 7, 2010), Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion to Extend the Time for Service of Process ("Plaintiff's Response"), Doc. No. 22, Exhibit ("Plaintiff's Ex.") 16 at 1.  Section 415.10 of the California Code of Civil Procedure ("California Code") provides:

> A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery.  The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery.  However, service of a summons without such date shall be valid and effective.

Cal. Civ. Proc. Code § 415.10 (West 2011).  Furthermore, section 415.20(b) of the California Code provides:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

---

[1] USCIT Rule 4 is substantially identical to Federal Rule of Civil Procedure 4; therefore, the court may consider decisions and commentary on Federal Rule of Civil Procedure 4 for guidance. See United States v. Ziegler Bolt & Parts Co., 19 CIT 507, 514, 883 F. Supp. 740 (1995) ("[T]he Court's rules are substantially the same as the Federal Rules of Civil Procedure (FRCP), [and] the Court has found it appropriate to consider decisions and commentary on the FRCP for guidance in interpreting its own rules.").

Id. § 415.20(b).

**B**
**Defendant's Attempt At Service Of Process**

Plaintiff claims that on May 4, 2010, a private process server delivered documents, including the summons and complaint from this case, to a Francis "Doe" at 4318 Morrell Street, San Diego, California 92109. Plaintiff's Response at 5; Plaintiff's Ex. 16 at 1. Defendant claims that she did not reside at the Morrell Street address at the time of service, but instead resided at 4903 Cape May Avenue, San Diego, California 92107. Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Defendant's Memo"), Doc. No. 21-2 at 2. In February 2009, Defendant wrote to Customs and Border Protection ("Customs") stating that "all future correspondences" should be sent to the Cape May Avenue address. Letter from Ilona Zatkova to Customs (February 13, 2009), Defendant's Motion, Exhibit ("Defendant's Ex.") D at 1.[2] Following this date, it appears that all correspondence between Plaintiff and Defendant was exclusively at the Cape May Avenue address. See Letter from Marcia A. Gomez to Ilona Zatkova (September 25, 2009), Defendant's Ex. G and Plaintiff's Ex. 8 at 1; Letter from Christopher J. Duncan to Ilona Zatkova (January 20, 2010), Defendant's Ex. H and Plaintiff's Ex. 9 at 1; Letter from Ilona Zatkova to Customs (October 6, 2010), Plaintiff's Ex. 10 at 1.

Plaintiff states that prior to delivering the summons and complaint at the Morrell Street address it attempted service five times at the Cape May Avenue address. Plaintiff's Response at 3-4; Non-Service Report (April 23, 2010), Plaintiff's Ex. 11 at 1. According to the report

---

[2] On February 17, 2009, four days after Defendant's letter to Customs with the Cape May Avenue address listed as a current address, Defendant's former attorney wrote to Customs, stating that he was no longer representing Defendant and that Defendant could be contacted at the Morrell Street address. Letter from Daniel J. Curry to Lawrence Fanning (February 17, 2009), Plaintiff's Ex. 7 at 1. However, it appears that all subsequent correspondence between Plaintiff and Defendant was exclusively at the Cape May Avenue address, suggesting that Customs only followed the instructions from Defendant and not those from her former attorney. See Defendant's Ex. G and Plaintiff's Ex. 8 at 1; Defendant's Ex. H and Plaintiff's Ex. 9 at 1; Plaintiff's Ex. 10 at 1.

4

provided by Plaintiff, on the first attempt there was "no answer at the door," the "front porch light [was] on," and a "car [was] parked on the street," but the process server was "unsure if the vehicle belong[ed] to the" Defendant. Plaintiff's Ex. 11 at 1.  The process server made a second attempt, but again, there was "no answer at the door." Id.  On the third attempt, the process server "marked the door," and on the fourth attempt four days later the "marker [was] gone." Id.  On the fifth attempt, there was "no answer at the door" or at the neighbor's door. Id.

Plaintiff then attempted to serve the Defendant through Doe at the Morrell Street address on May 4, 2010. Plaintiff's Ex. 16 at 1.  Defendant acknowledged receipt of these documents in a letter to Plaintiff dated May 5, 2010 but marked received on the envelope by Plaintiff on May 18, 2010. Letter from Ilona Zatkova to Stephen C. Tosini (May 5, 2010), Plaintiff's Ex. 17 at 1.  This letter shows that Defendant received actual notice of the summons and complaint.[3]  Plaintiff argues that the Morrell Street address is considered "an alternate address" of Defendant, Plaintiff's Response at 7, but also states that it does not contest Defendant's assertion in a sworn declaration that the Morrell Street address was not her usual place of abode at the time of service, id. at 8; Affirmation of Ilona Zatkova in Support of Defendant's Motion to Dismiss (November 24, 2010), Defendant's Ex. M at 2.  Therefore, Plaintiff appears to argue that the Morrell Street address was Defendant's prior address or place of business and that given the showing of actual notice, the Government substantially complied with the rule for service of process. Plaintiff's Response at 8.  Additionally, Plaintiff admits that it did not mail the summons and complaint to Defendant following this alleged substituted service. Id. at 14.

---

[3] Actual notice is distinct from sufficient service of process.  For discussion of this distinction, see infra note 9.

III
STANDARD OF REVIEW

When the court's jurisdiction is challenged, "[t]he party seeking to invoke . . . jurisdiction bears the burden of proving the requisite jurisdictional facts." Former Emps. of Sonoco Prods. Co. v. U.S. Sec'y of Labor, 27 CIT 812, 814, 273 F. Supp. 2d 1336 (2003) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).  However, in deciding Defendant's motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047 (1998) (quoting Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

IV
DISCUSSION

Although Plaintiff did not properly serve process under either USCIT Rule 4(d)(2), see infra Part IV.A, or USCIT Rule 4(d)(1), see infra Part IV.B, USCIT Rule 4(*l*) requires that the court extend the time for that service, see infra Part IV.C.

A
**The Government Did Not Properly Serve Process Upon Defendant Under USCIT Rule 4(d)(2)**

Defendant argues that Plaintiff failed to adhere to USCIT Rule 4(d)(2)(B) when it left a copy of the summons and complaint at the Morrell Street address only, because this address was not Defendant's "dwelling or usual place of adobe" at the time of service. Defendant's Memo at 13-20.[4]  Plaintiff responds that "the provisions of [Rule 4] should be liberally construed to

---

[4] There is no indication from either party that there was proper service of process under USCIT Rule 4(d)(2)(A) or 4(d)(2)(C). See generally Defendant's Memo at 8-10; Plaintiff's Response at 6-11.  Furthermore, Defendant does not argue that Doe was not "of suitable age or discretion" or that a copy of process was not left with Doe. See Defendant's Memo at 13.

6

effectuate service," Plaintiff's Response at 6-7 (brackets in original) (quoting Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963)) and that the Morrell Street address was a valid alternative address as either Defendant's business address or Defendant's last place of abode, id. at 9-10.[5]

Although it is well settled that "Rule 4 should be given liberal and flexible construction," Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (citing, inter alia, Nowell v. Nowell, 384 F.2d 951, 953 (5th Cir. 1967); Karlsson, 318 F.2d at 668; Rovinski v. Rowe, 131 F.2d 687, 689 (6th Cir. 1942)), the service attempted at the Morell Street address is insufficient even under a liberal construction of USCIT Rule 4(d)(2).

First, because an individual's place of business is not considered a usual place of abode under USCIT Rule 4(d)(2), Plaintiff's argument that the Morrell Street address was at least Defendant's current business address at the time of service, Plaintiff's Response at 9-10, is irrelevant. "The Federal Rules of Civil Procedure that address service on individuals do not specifically authorize serving them at their place of business." Hides v. City of Fort Wayne, 2006 U.S. Dist. LEXIS 91368 at *8 (N.D. Ind. 2006); see also Smith v. W. Offshore, Inc., 590 F. Supp. 670, 674 (E.D. La. 1984) ("Service upon an individual through a nonauthorized agent for service of process at the individual's place of business is not a proper means of serving process under the

---

[5] Plaintiff points to Lexis searches and Internet searches displaying the Morrell Street address as a place of business or current address. Plaintiff's Response at 8; Lexis searches for "La Mont," "Glass Nail Files," and "Zatkova" (December 17, 2010), Plaintiff's Ex. 12 at 1-6; San Diego County Business Directory, Company Profile for Ilona Zatkova, Plaintiff's Ex. 13 at 1; PeopleFinders results for Ilona Zatkova, Plaintiff's Ex. 14 at 1. Defendant argues that Plaintiff's Exhibit 12 is irrelevant because it is dated several months after the Affidavit of Service and therefore "could not have been used or relied upon by the Government's process server" and may be a post hoc attempt by Plaintiff to justify service at the Morrell Street address. Defendant's Reply at 8. Defendant also argues that all these exhibits are not authenticated. Id. For the purpose of this Motion to Dismiss, the court construes all facts in favor of the Plaintiff. See Islip, 22 CIT at 854. However, Plaintiff does not argue that the Morrell Street address was a current home address at the time of attempted service. Plaintiff's Response at 8 ("Ms. Zatkova has recently stated in a sworn declaration that 4318 Morrell Street was not her usual place of abode on May 4, 2010, the date of service of process. . . . We do not contest this assertion at this time."). Furthermore, even if this address were a business address, service would not have been proper under either USCIT Rule 4(d)(2)(B), see infra Part IV.A, or USCIT Rule 4(d)(1), see infra Part IV.B.

Federal Rules of Civil Procedure."); Gipson v. Bass River, 82 F.R.D. 122, 125 (D.N.J. 1979) ("Clearly, leaving process at defendants' place of employment does not qualify under the dwelling house or place of abode method."). In the present case, Plaintiff's complaint is against Defendant as an individual and not against her business, Plaintiff's Complaint at 3, and Defendant properly states that "[t]he only authorized form of substitute service upon an individual must take place at the individual's current 'dwelling or usual place of abode,'" Defendant's Reply at 13 (quoting USCIT R. 4(d)(2)(B)).

Second, with respect to Plaintiff's argument that a former residence can be a "usual place of abode," Plaintiff's Response at 8, "the law does not mean the last place of abode; for a party may change his place of abode every month in the year," Earle v. McVeigh, 91 U.S. 503, 508, 23 L. Ed. 398 (1876); see also Ngo v. Van Ha, 2008 U.S. Dist LEXIS 107026 at *11-13 (W.D. La. 2008). Rather, a "usual place of abode" means that the party is living in that residence but "may be temporarily absent at the time." Earle, 91 U.S. at 508 (emphasis added). Although a former place of abode was acceptable in Karlsson, 318 F.2d at 666, that case involved unique circumstances not present in this case, Karlsson, 318 F.2d at 667.[6] Indeed, none of the cases cited by Plaintiff, see Plaintiff's Response at 6-11, involve service to a "former boyfriend," Defendant's Memo at 5; see Plaintiff's Ex. 16 at 1 (referring to Doe as a "co-occupant"), at a former address, Plaintiff's Response at 8, of a defendant who voluntarily provided a current

---

[6] In Karlsson, the defendant temporarily moved from Maryland to a motel in Arizona until he found a permanent residence. Karlsson, 318 F.2d at 667. While in Arizona, process was served at the Maryland home by leaving a copy thereof with his wife who was still residing at the home as they finalized its sale. Id. In the present case, it appears that Defendant did not reside at the Morrell Street address for several years, see Defendant's Ex. G and Plaintiff's Ex. 8 at 1; Defendant's Ex. H and Plaintiff's Ex. 9 at 1; Plaintiff's Ex. 10 at 1, and that Doe was a former boyfriend rather than a current spouse, Defendant's Memo at 5; see Plaintiff's Ex. 16 at 1 (referring to Doe as a "co-occupant").

...

address, Defendant's Ex. D at 1, and who, at most, "may have been evading service," Plaintiff's Response at 20 (emphasis added).[7]

## B
## The Government Did Not Properly Effect Service Of Process Upon Defendant Under USCIT Rule 4(d)(1)

### 1
### California Courts Liberally Construe California Service of Process Statutes

"[T]he [service of process] provisions are now to be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." Bein v. Brechtel-Jochim Grp., Inc., 6 Cal. App. 4th 1387 (Cal. Ct. App. 1992) (citing Pasadena Medi-Ctr. Assocs. v. Super. Ct., 511 P.2d 1180, 1184 (Cal. 1973) (noting "the desirability of liberal construction of [California's service of process statutes]")). Section 415.20(b) of the California Code allows for substitute service if "a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." Cal. Civ. Proc. Code § 415.20(b) (West 2011). This substitute service may be made by, inter alia, leaving a copy of the summons and complaint at the person's usual place of business with a competent individual apparently in charge of that place of business and "thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place [of

---

[7] In Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc., 107 F.R.D. 665, 671 (S.D. Fla. 1985), the defendant was nomadic, making it difficult for the plaintiff to locate the defendant and serve process. Keevan, 107 F.R.D. at 671. In Nat'l Labor Relations Bd. v. Clark, 468 F.2d 459 (5th Cir. 1972), the defendant moved from his residence but made it appear that he was still residing there. Clark, 468 F.2d at 464. In Blackhawk Heating & Plumbing Co. v. Turner, 50 F.R.D. 144 (D. Ariz 1970), the defendant "made no effort to leave a forwarding address or disconnect telephone service until after the date of service." Turner, 50 F.R.D. at 149. In Nowell, the court held that process was properly left with a landlord but cautioned against extending that holding to cotenants. Nowell, 384 F.2d at 953 ("[T]he substantial nexus that exists between tenant and landlord does not exist between tenants themselves. The landlord, unlike his tenants, has a degree of control over all tenants and the premises that each occupies.").

business] where a copy of the summons and complaint were left." Id.  Plaintiff argues it had reason to believe that the Morrell Street address was a valid business address. See supra note 5.[8]

**2**
**Under California Law, Actual Notice Does Not Necessarily Mean That Plaintiff Has Substantially Complied With The Service Of Process Rule**

"To be constitutionally sound the form of substituted service must be 'reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard . . . [in order that] the traditional notions of fair play and substantial justice implicit in due process are satisfied.'" Bein, 6 Cal. App. 4th at 1392 (quoting Zirbes v. Stratton, 187 Cal. App. 3d 1407, 1416 (Cal. Ct. App. 1986)) (alterations in original).  However, as Plaintiff points out, "[c]ourts in California have found that where there is substantial compliance with the statutory requirements for service, a trial court can acquire personal jurisdiction over the defendant." Plaintiff's Response at 12 (emphasis in original) (citing Bein, 6 Cal. App. 4th at 1392).

Plaintiff argues that "California courts generally find that service of process is sufficient where the defendant has actual knowledge of the complaint." Plaintiff's Response at 12-13 (emphasis added) (citing In re Marriage of Tusinger, 170 Cal. App. 3d 80, 82-83 (Cal. Ct. App. 1985); Carter v. Anderson, 2007 WL 27138333 at *3-4 (Cal. Ct. App. 4th Sept. 19, 2007)). However, a showing of actual notice alone does not necessarily mean that the party "reasonably calculated" substitute service to ensure actual notice. Bein, 6 Cal. App. 4th at 1392.[9]  As Defendant points out, "[t]he California Supreme Court has explained that 'substantial

---

[8] Unlike USCIT Rule 4(d)(2), the California Code expressly allows service of process at a place of business. Cal. Civ. Proc. Code § 415.20(b) (West 2011).

[9] Actual notice is distinct from sufficient service of process under USCIT Rule 4.  Acknowledging actual notice does not automatically make service of process sufficient. See Ziegler Bolt & Parts Co., 19 CIT at 519 ("Courts have long recognized that actual knowledge of a claim is insufficient to confer jurisdiction over the person."); Friedman v. Estate of Presser, 929 F.2d 1151, 1155 (6th Cir. 1991) ("[A]ctual knowledge of the law suit does not substitute for proper service of process under Rule 4(c)(2)(C)(ii).").

compliance' with a statute 'means actual compliance in respect to the <u>substance</u> essential to <u>every</u> reasonable objective of the statute.'" Reply Memorandum In Support Of Defendant's Motion to Dismiss ("Defendant's Reply"), Doc. No. 23 at 18 (quoting and emphasizing <u>Stasher v. Harger-Haldeman</u>, 58 Cal. 2d 23, 29 (1962)).

### 3
### California's Mailing Requirement, With Which Plaintiff Did Not Comply, Is An Essential Requirement For Sufficient Service Of Process

Because it did not mail the complaint and summons, Plaintiff failed to adhere to the final part of Section 415.20 of the California Code. <u>See</u> Cal. Civ. Proc. Code § 415.20(b) (West 2011); Defendant's Reply at 17. Although Plaintiff argues that its failure to mail the summons and complaint was only "a minor technical error," Plaintiff's Response at 14, it points to no case that discounts the importance of mailing following substitute service. <u>See generally</u> Plaintiff's Response at 11-15. To the contrary, the mailing requirement is essential even under California's liberal approach to determining sufficient service of process. <u>See, e.g.</u>, <u>Donel, Inc. v. Badalian</u>, 87 Cal. App. 3d 327, 332 (2d Dist. 1978) ("[W]here mailing of summons was reasonably feasible, any method of service less likely to provide actual notice is insufficient."); <u>Khourie, Crew & Jaeger v. Sabek, Inc.</u>, 220 Cal. App. 3d 1009, 1013 (Cal. Ct. App. 1990) ("The evident purpose of [Section 415.20 of the California Code] is to permit service to be completed upon a good faith attempt at physical service on a responsible person, plus actual notification of the action by mailing the summons and complaint to the appropriate party."). Federal courts in California also recognize the importance of such a mailing. <u>See</u> <u>Ogundimo v. Steadfast Prop. & Dev.</u>, 2010 U.S. Dist. LEXIS 107791 at *9 (E.D. Cal. 2010) ("[N]o proof of mailing of the summons and complaint via first class mail [was] made as is required after leaving service documents at an individual's 'usual place of business.'"); <u>Radke v. Holbrook</u>, 2010 U.S Dist.

LEXIS 61195 at *19 (C.D. Cal. 2010) (service was not proper because, <u>inter alia</u>, the summons and complaint were not mailed).[10]

# C
## Good Cause Exists For An Extension Of Time To Effect Service Of Process

USCIT Rule 4(*l*) provides that, <u>inter alia</u>, "if the plaintiff shows good cause for the failure [to properly effect service of process], the court must extend the time for service for an appropriate period." USCIT R. 4(*l*).  As Plaintiff argues in the alternative, good cause for an extension exists where the "plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically a process server, the defendant has evaded service of process or engaged in misleading conduct, <u>the plaintiff has acted diligently in trying to effect service</u> or there are understandable mitigating circumstances." Plaintiff's Response at 17 (quoting Wright and Miller, Federal Practice and Procedure § 1137 (3rd ed. 2002)) (emphasis added).  Plaintiff argues that it diligently attempted to effect service at the Cape May Avenue

---

[10] Plaintiff also argues that it had no reason to mail the documents because Defendant acknowledged receipt of them in a letter dated one day after the attempted service. Plaintiff's Response at 15; Plaintiff's Ex. 17 at 1. However, the received stamp on that letter's envelope suggests that Plaintiff was not aware of this acknowledgment until <u>fourteen days</u> after the attempted service. Plaintiff's Ex. 17 at 1-2.

12

address five times before turning to the Morrell Street address. Id. at 18; Plaintiff's Ex.11 at 1; Plaintiff's Ex. 16 at 1.[11]

Defendant argues that the facts here are strikingly similar to Rodrigue, 645 F. Supp. 2d 1310 (CIT 2009). Defendant's Reply at 2.  In Rodrigue, the Government did not attempt to serve the parties until 21 days before the 120-day period for service as provided by USCIT Rule 4, failed to obtain updated addresses of the parties, and did not successfully serve either party during the 120-day period, having previously attempted to serve process at only prior addresses. Rodrigue, 645 F. Supp. 2d at 1326-28.  Additionally, "[t]he Government did not effect service of process on [one defendant] until . . . more than five months after the 120-day period had ended. And [the other defendant] still [had] not been served, one full year after the end of the 120-day period." Id. at 1331 (emphasis added).  The court found that the Government was not diligent in serving process and accordingly dismissed the action. Id. at 1349.

The facts in Rodrigue are distinct from those in this case.  In Rodrigue, "the Government . . . could hardly have done less to effect service of process on the Defendants within the 120-day period established for that purpose.  Under the circumstances, extending the time for service

---

[11] Defendant questions the authenticity of the Affidavit of Service, Plaintiff's Ex. 16 at 1, stating:

> [N]owhere does the Affidavit state that Mr. Stallman has personal knowledge that service was made. See Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). That Mr. Stallman is apparently based in Washington, D.C. casts doubt on the likelihood that he personally effected service in this case; this is buttressed by the fact that the earlier attempts to service [sic] process at 4903 Cape May Avenue were allegedly made by a different individual, licensed to serve process in the State of California.

Defendant's Reply at 25 (citation omitted).  It appears that Defendant is questioning Mr. Stallman's personal knowledge of the service at the Morrell Street address.  Although Plaintiff must prove the requisite jurisdictional facts, see Former Emps. of Sonoco Prods. Co., 27 CIT at 814, in a motion to dismiss a court must still construe all reasonable inferences in favor of Plaintiff, Islip, 22 CIT at 854.  Without a showing from Defendant that reasonably casts doubt, the Affidavit of Service alone is enough to prove this jurisdictional fact.  While that affidavit is flawed, Defendant does not provide sufficient facts to challenge the conclusion that Mr. Stallman had personal knowledge of the service of process, particularly in light of Defendant's acknowledgment one day after this alleged service. Plaintiff's Ex. 16 at 1; Plaintiff's Ex. 17 at 1.

would set a dangerous precedent, and would grant the Government (and, indeed, all parties) virtual carte blanche in future cases." Id. at 1321. In the present case, Plaintiff unsuccessfully attempted to serve Defendant five times at her current home before trying another address. Plaintiff's Response at 3-4. After an acknowledgment from Defendant following the attempted service at the Morrell Street address, Plaintiff's Ex. 17 at 1, Plaintiff believed, albeit incorrectly, that it did not have to either send a process server back to the Cape May Avenue address or mail the summons and complaint.

Because Plaintiff acted diligently to effect service and therefore displays good cause for an extension, dismissal is not appropriate. See, e.g., Fyfee v. Bumbo, Ltd., 2009 U.S. Dist. LEXIS 84759 at *10-12 (S.D. Tex. 2009); Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y 2001). With this showing of good cause, Plaintiff's request for an extension to properly serve process is warranted.

## V
## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is DENIED, and Plaintiff's request for an extension of time to properly effect service is GRANTED. Plaintiff must serve Ms. Zatkova and file proof thereof no later than 5:00pm Pacific Standard Time on August 31, 2011.

                                                               __/s/ Evan J. Wallach_____
                                                                Evan J. Wallach, Judge

Dated: August 11, 2011
      New York, New York